U.S. v. Wright                    CR-00-25-JD    07/27/00

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                              Criminal No. 00-25-01-JD
                                        Opinion No. 2000 DNH 171
Michael Paul Wright


                            O R D E R


     The defendant, Michael Wright, has been charged with being a
felon in possession of a firearm in violation of 18 U.S.C. §
922(g)(1).  Wright moves to suppress all evidence gathered as a
result of the search and seizure of his driver's license at a
firing range in Manchester, New Hampshire.  The government
opposes the motion.

     Wright requests an evidentiary hearing on his motion to
suppress.  "A hearing is required only if the movant makes a
sufficient threshold showing that material facts are in doubt or
dispute, and that such facts cannot reliably be resolved on a
paper record.  Most importantly, the defendant must show that
there are factual disputes which, if resolved in his favor, would
entitle him to the requested relief."  United States v. Staula,
80 F.3d 596, 603 (1st Cir. 1996) (citations omitted).  Wright has
not shown that there are any facts in dispute that are material
to the suppression issue.  Therefore, the court will decide the
motion on the paper record before it.

## Background

On December 2, 1999, off-duty Manchester Police Officer Daniel Guerin was at Wolf Firearms, a firing range in Manchester, New Hampshire. Guerin saw two men firing guns at the range. Guerin thought he recognized one of them, the defendant Wright, from a motor vehicle stop, but he could not identify Wright or remember any details of the stop.[1] Guerin obtained the driver's licenses of both men from the owner of the firing range and photocopied them. Guerin subsequently determined that Wright was a convicted felon by using the information on Wright's driver's license to identify him and check his criminal record. Guerin's identification of Wright at the firing range led to Wright's arrest and indictment under § 922(g)(1).

## Discussion

Wright asserts that when he allowed Wolf Firearms to hold his license, he reasonably expected that the license would not be subject to seizure by the police for nothing more than a whim of a police officer. In order to challenge the constitutionality of a search and seizure, a defendant must demonstrate that he had a

---

[1]Wright asserts that Guerin never stopped him in a motor vehicle. Whether or not Guerin ever stopped Wright prior to seeing him at Wolf Firearms is irrelevant to the court's disposition of the motion to suppress.

reasonable expectation of privacy in both the place searched and the item seized. See United States v. Mancini, 8 F.3d 104, 107 (1st Cir. 1993) (citing United States v. Salvucci, 448 U.S. 83, 93 (1980); Rakas v. Illinois, 439 U.S. 128, 138-48 (1978)). "[T]he defendant must show both a subjective expectation of privacy and that society accepts that expectation as objectively reasonable." Id. (citing California v. Greenwood, 486 U.S. 35, 39 (1988); Katz v. United States, 389 U.S. 347, 361 (1967) (Harlan, J. concurring)). The defendant must establish a reasonable expectation of privacy in the first instance before any inquiry into the merits of his argument for suppression is conducted. See id. (citing United States v. Aguirre, 839 F.2d 854, 856 (1st Cir. 1988)).

The Supreme Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." Smith v. Maryland, 442 U.S. 735, 743-44 (1979) (holding no reasonable expectation of privacy in numbers dialed on telephone line). This holds true even where an individual reveals information for a limited purpose and assumes that a third party will keep it confidential. See United States v. Miller, 425 U.S. 435, 443 (1976) (holding no reasonable expectation of privacy in bank records); see also State v. Valenzuela, 130 N.H. 175, 188 (1987) (holding waiver of

3

privacy cannot be limited under federal law). For example, a person may not reasonably expect that an accomplice will not reveal confidences. See United States v. White, 401 U.S. 745, 752 (1971). By exposing information to a third party, an individual "assume[s] the risk" that the third party will reveal that information to the police. See Smith, 442 U.S. at 744.

Similarly, an individual may lack an expectation of privacy when he relinquishes control of his personal property to a third party. See, e.g., United States v. Thornley, 707 F.2d 622, 624-25 (1st Cir. 1983) (finding defendant had no reasonable expectation of privacy in third party's unlocked basement storage area); United States v. Hershenow, 680 F.2d 847, 855 (1st Cir. 1982) (finding defendant had no reasonable expectation of privacy in third party's barn). Even if an individual is present when a third party's premises are searched, that individual may not challenge the search unless he has a reasonable expectation of privacy in the place searched. See Minnesota v. Carter, 525 U.S. 83, 88 (1998). "[A] subjective expectation of keeping incriminating evidence hidden" is insufficient to establish a reasonable expectation of privacy. Alinovi v. Worcester Sch. Comm., 777 F.2d 776, 784 (1st Cir. 1985).

The court finds that once Wright surrendered his license to Wolf Firearms, he could no longer expect that the license would

4

be kept private. Even if Wright believed that the firing range's employees would not show the license to a police officer, such a belief would have been unreasonable. Wright had no control over what happened to the license after he handed it over to Wolf Firearms. Wright does not assert that he attempted to limit the firing range's use of his license, see Alinovi, 777 F.2d at 784, nor does he assert that he was anything other than a customer of the firing range. Therefore, when Wright relinquished control of his license to Wolf Firearms, he could not reasonably expect that the license would not be shown to a police officer. See Smith, 442 U.S. at 744. The court finds that Wright did not have a reasonable expectation of privacy in the firing range. Therefore, he may not challenge the constitutionality of the search and seizure of the license. See Rakas, 439 U.S. at 139-40.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to suppress (document no. 10) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 27, 2000

cc:   Clyde W. Garrigan, Esq.
      Jonathan R. Saxe, Esq.
      Richard N. Foley, Esq.